


1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

July 2, 2019

**VIA ECF & FACSIMILE**
Hon. George B. Daniels, U.S.D.J.
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007
(212) 805-6737

**Re:** ***Nunez, et al. v. R. Gross Dairy Kosher Restaurant, Inc. et al.***
**Case No. 18-CV-00861 (GBD)**
**Plaintiff Juan Carlos Moreira's Fraud Upon the Court**

Dear Judge Daniels,

We represent the Defendants in the above-referenced case. We write to request a pre-motion conference to address Defendants' motion to dismiss Plaintiff Juan Carlos Moreria's claims in the instant lawsuit because of his fraud upon this Court.

Mr. Moreira has filed two separate lawsuits alleging Fair Labor Standards Act and New York Labor Law violations, against two different restaurants, Mr. Broadway herein and J&I Thai, Inc., alleging the same days and same hours worked at the same exact time. Both cases are pending in the Southern District of New York. *See Nunez v. R. Gross Dairy Kosher Restaurant, Inc.*, Case No. 18-cv-861 (GBD) and *Moreira v. J&I Thai, Inc. (d/b/a Little Basil Thai Restaurant)*, Case No. 18-cv-3261 (AT). Such egregious misconduct constitutes a fraud upon this Court warranting dismissal of Mr. Moreira's claims in this case.

If a party commits a fraud on the court, the court has the inherent power to do whatever is reasonably necessary to deter abuse of the judicial process. *Shangold v. The Walt Disney Co.*, 2006 WL 71672, at *4 (S.D.N.Y. January 12, 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Fraud upon the court has been defined as "fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir.1988).

Here, Mr. Moreira alleges that he worked the same hours during the same period at both Defendants' restaurant and J&I Thai's restaurant:

- March 2015 to December 2015, 5:00 p.m. to 10:00 p.m., five days per week. *See Mr. Broadway* Am. Compl. ¶ 134 and *J&I Thai, Inc*. Compl. ¶ 45.

- January 2016 to February 2016, 5:00 p.m. to 10:00 p.m., on Wednesdays and Thursdays. *See Mr. Broadway* Am. Compl. ¶ 134 and *J&I Thai, Inc*. Compl. ¶ 46.






Unless, Mr. Moreira was in two places at the same time, the allegations in both Complaints cannot be true.

Mr. Moreira is committing fraud upon this Court. The truth regarding his hours worked and dates of employment are the crucial issues in each of the two cases. Yet, Mr. Moreira alleges the impossible — that he worked in two different places simultaneously. *See McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) (The "essence" of a fraud upon the court is "when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process.").

Mr. Moreira could have set the record straight at any point in the last ten months, but has refused to do so. First, he filed a Consent to Sue form joining the instant lawsuit on March 16, 2018, one month prior to commencing the *J&I Thai* action on April 13, 2018. *See Mr. Broadway*, Dkt. No. 18; *J&I Thai*, Dkt. No. 1. Second, he filed an Amended Complaint in this case on September 14, 2018, wherein he alleges he worked for Mr. Broadway during the same hours he alleges he worked for J&I Thai. *See Mr. Broadway*, Dkt. No. 30; *J&I Thai*, Dkt. No. 1. Third, and most recently, Defendants confronted Mr. Moreira with the conflicting Complaints during his deposition on June 24, 2019. Yet, more than one week has gone by and Mr. Moreira still has failed to call this issue to the Court's attention or do anything to remedy it.

Despite all of the above, Mr. Moreira had the audacity to move to approve a $25,000.00 settlement in the *J&I Thai* case on February 26, 2019. Currently, the deadline is this Wednesday July 3, 2019 for Mr. Moreira to re-submit a revised settlement agreement pursuant to Judge Torres' Order and cash in on this fraud. *See J&I Thai*, Dkt. No. 57.

Pursuant to this Court's inherent powers to sanction a party for conduct which abuses the judicial process, this Court can and should dismiss Mr. Moreira's claims. *See, e.g. Gleason*, 860 F.2d at 559; *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) ("we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process—to combat those who would dare to practice unmitigated fraud upon the court itself"); *McMunn*, 191 F.Supp.2d 440 at 461 (dismissing, upon defendant's motion and in exercise of court's inherent power, employment discrimination claim to sanction plaintiff who committed fraud on the court by intentionally and in bad faith engaging in multiple instances of misconduct).

Mr. Moreira has repeatedly made blatant false statements to this Court and is seeking relief based on those false statements even after they were pointed out to him. Mr. Moreira's deception of the Court is clearly intentional and cannot be excused as a mistake or oversight. As such, it merits dismissal of his claims.

Based upon the foregoing, Defendants respectfully request a pre-motion conference before Your Honor to address their motion to dismiss Mr. Moreira from this case.






Respectfully yours,

ELLENOFF GROSSMAN & SCHOLE LLP

Stephania C. Sanon
Ilan Weiser
Amanda M. Fugazy

cc: All counsel of record (via ECF)