USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 8 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NESTOR GONZALEZ NUNEZ, NESTOR SANCHEZ, :
DANIEL VENTURA, JOSE MANUEL JIMENEZ :
MENDIOLA, JUAN CARLOS MOREIRA, and :
FRANCISCO GOMEZ RAMIREZ, *individually and on* :
*behalf of others similarly situated*, :
  :
                     Plaintiffs, :
  :
         -against- :
  :
R. GROSS DAIRY KOSHER RESTAURANT INC., :
*d/b/a Mr. Broadway*, YUVAL ZARAI, and MOTI :
ZILBER, :
  :
                     Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

18 Civ. 861 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Juan Carlos Moreira brought two actions for violations of the Fair Labor Standards

Act and the New York Labor Law: (1) the instant case before this Court, against Defendants Yuval

Zarai, Moti Zilber, and R. Gross Dairy Kosher Restaurant Inc., doing business as Mr. Broadway,

and (2) *Moreira v. J&I Thai Inc.*, No. 18 Civ. 3261 (AT), against, among others, J&I Thai Inc.,

doing business as Little Basil Thai Restaurant (the "Little Basil Action").[1] (First Am. Compl.,

ECF No. 30; Compl., *Little Basil*, ECF No. 1.) Defendants in this case move under Federal Rule

of Civil Procedure 11, and this Court's inherent power, to dismiss Moreira's claims in this action.

(Notice of Mot. for Sanctions Against Pl. Juan Carlos Moreira and Pl.'s Counsel Under Rule 11

and the Court's Inherent Powers, and to Disqualify Pl.'s Counsel, ECF No. 52.) Defendants also

move for sanctions in the form of attorneys' fees against Moreira and his attorneys for allegedly

filing contradictory pleadings in the two actions and refusing to correct the record. (*Id.*)

---

[1] Citations to "*Little Basil*" refer to documents filed in the Little Basil Action.

Defendants further move to disqualify Plaintiffs' counsel from this action unless counsel obtains the informed consent of the other five Plaintiffs to continue their representation. (*Id.*)

Under Rule 11, sanctions may be imposed "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). "[E]ven when a district court finds a violation of Rule 11, '[t]he decision whether to impose a sanction . . . is . . . committed to the district court's discretion.'" *Id.* (second alteration in original) (citation omitted). "[S]anctions should be imposed with caution," *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 88 (2d Cir. 1998), and "should be reserved for extreme cases," *Sorenson v. Wolfson*, 170 F.Supp.3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017); *see also E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008) ("Courts may issue Rule 11 sanctions only in extraordinary circumstances." (citations omitted)).

A court also has the "inherent power" to sanction any attorney or party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). A court may impose sanctions under its inherent powers where there is "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Id.* at 79 (quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). Sanctions must be supported by a "particularized showing of bad faith." *Howard v. Klynvel Peat Marwick Goerdeler*, 977 F. Supp. 654, 668 (2d Cir. 1997) (citing *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)). A "high degree of specificity in the factual findings" is required to support an award of sanctions, in order to ensure that "fear of an award of attorneys' fees against them will

not deter persons with colorable claims from pursuing those claims." *Eiseman v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)). Accordingly, any decision to impose sanctions must be made with "restraint and discretion." *Revson*, 221 F.3d at 78 (citation omitted).

In the proper exercise of discretion, this Court declines to dismiss Moreira's claims or to impose sanctions against Moreira or his attorneys. According to Defendants, Moreira alleged in both the instant action and the Little Basil Action that he worked the same hours, during the same time period, at both Defendants' restaurant and Little Basil Thai Restaurant. (Mem. of Law in Supp. of Defs.' Mot. for Sanctions Against Pl. Juan Carlos Moreira and Pls.' Counsel Under Rule 11 and, Alternatively, the Court's Inherent Power and to Disqualify Pls.' Counsel ("Defs.' Mem."), ECF No. 53, at 2.) Specifically, Moreira alleged that he worked at both restaurants from 5:00 p.m. to 10:00 p.m. five days per week from March 2015 through December 2015, (*see* First Am. Compl. ¶ 134; Compl., *Little Basil*, ¶ 45), and from 5:00 p.m. to 10:00 p.m. on Wednesdays and Thursdays from January 2016 through February 2016, (*see* First Am. Compl. ¶ 134; Compl., *Little Basil*, ¶ 46). Defendants assert that Moreira and his attorneys "have persisted in perpetuating both concurrent claims, even though both cannot be true, and declined to correct the record, despite [Defendants'] repeated requests to do so." (Defs.' Mem. at 1.)

Contrary to Defendants' contention, there is no evidence that Moreira acted in bad faith in making any contradictory allegations in this action and the Little Basil Action. Indeed, Moreira corrected the record during his deposition for this action, explaining that he had erroneously alleged in the Little Basil Action complaint that he worked the same hours both at Defendants' restaurant and at Little Basil Thai Restaurant. (*See* Mem. of Law in Opp'n to Defs.' Mot. for Sanctions ("Pl.'s Opp'n"), ECF No. 59, at 1.) Moreover, before a settlement agreement was

3

approved in the Little Basil Action, Moreira filed an amended complaint revising his allegations about the hours that he had worked at Little Basil Thai Restaurant and withdrawing the contradictory allegations. (*See id.* at 5, 10; *see also* Second Am. Compl., *Little Basil*, ECF No. 63.) According to Moreira, such revisions were "based on [his] recollection after having the benefit of reviewing documents produced in this action, which assisted to identify the hours he was working at [Defendants' restaurant] and could not have been working at Little Basil Thai Restaurant." (Pl.'s Opp'n at 6.) Given that there is no indication that Moreira intentionally made contradictory allegations in the two actions or that he declined to correct the record, sanctions is unwarranted.

This Court also declines to disqualify Plaintiffs' counsel from this action. Defendants claim that Moreira's "conflicting allegations and false testimony create a concurrent conflict of interest between Moreira and his co-plaintiffs." (Defs.' Mem. at 22.) Specifically, Defendants assert that Plaintiffs' counsel will "necessarily have to correct the record," which will entail "impugning" Moreira's allegations and testimony, and therefore "negatively affect" the other Plaintiffs because of their association with Moreira. (*Id.*) Aside from such conclusory assertions, however, Defendants do not adequately identify what conflict of interest exists between Moreira and the other Plaintiffs, or how Plaintiffs' counsel correcting the record concerning Moreira's contradictory allegations will negatively affect the other Plaintiffs. Nor do Defendants sufficiently articulate how disqualifying Plaintiffs' counsel would remedy any such conflict or adverse effects of correcting the record.

Because Defendants have not demonstrated a "particularized showing of bad faith," *Howard*, 977 F. Supp. at 668, or "extraordinary circumstances," *E. Gluck*, 252 F.R.D. at 178, Defendants' motion to dismiss Moreira's claims, to impose sanctions against Moreira and his

attorneys, and to disqualify Plaintiffs' counsel, (ECF No. 52), is DENIED.  The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
         January 27, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge