UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NESTOR GONZALEZ NUNEZ, NESTOR
SANCHEZ, DANIEL VENTURA, and JOSE
MANUEL JIMENEZ MENDIOLA, individually and
on behalf of others similarly situated

Plaintiffs,

-against-

R. GROSS DAIRY KOSHER RESTAURANT INC.
(d/b/a Mr. Broadway), YUVAL ZARAI, and MOTI
ZILBER,

Defendants.
----------------------------------------------------------------X

Case No. 18-CV-00861 (GBD)

**STIPULATION OF
CONFIDENTIALITY**

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs Nestor Gonzalez Nunez, Nestor Sanchez, Daniel Ventura, and Jose Manuel Jimenez Mendiola ("Plaintiffs") and Defendants R. Gross Dairy Kosher Restaurant Inc., ("Mr. Broadway"), Yuval Zarai, and Moti Zilber ("Defendants") (Plaintiffs and Defendants, collectively, "Parties"), as follows:

1. All Confidential Information, as defined herein, produced by the Plaintiffs and Defendants for purposes of the Parties' litigation of this action shall be subject to the terms and provisions set forth herein.

2. Any party to this Stipulation may designate as "Confidential Information" (1) any proprietary, financial, personnel, confidential or otherwise sensitive information, documentation or files pertaining to Defendants, their current or former employees, clients, customers, vendors and suppliers, and (2) personal identifying information, such as Social Security numbers, dates of birth and financial account numbers. The "Confidential" designation may be made retroactively,

{00597045.DOCX.1}                              1

and any document already produced in this litigation without such designation may be verbally deemed confidential or recalled and reproduced with such designation.

3. Except as otherwise provided in this Stipulation of Confidentiality, material designated as "Confidential Information" may be examined only by the following persons:

    a. Plaintiffs;

    b. Defendants, including Defendants' employees;

    c. The Parties' respective counsel and employees of the Parties' counsel, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic and clerical personnel assisting such counsel in this action;

    d. To the extent necessary for the prosecution and defense of the instant matter, actual or proposed witnesses, third party deponents, independent consultants or experts retained in connection with the instant action by the parties' counsel, and any other person(s) whom either party's counsel deems necessary so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality before any Confidential Information is shared;

    e. Any individual who has already seen such document;

    f. Stenographers, court reporters, and litigation support vendors and their staff, but only to the extent necessary to prepare sworn testimony in the instant action;

    g. Any mediator mutually agreed to by the Parties to attempt to resolve this action; and

    h. Magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency; provided, however, that disclosure of "Confidential Information" to any such individual be restricted to such "Confidential Information" as counsel reasonably and in good faith believe

need be disclosed to the individual in order for counsel properly to prepare the case for trial.

4. Any Confidential Information produced in this action shall be used solely for the purpose of litigating and/or mediating the above-captioned matter.

5. The producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality. The production of documents prior to the execution of this Stipulation of Confidentiality shall not act as a waiver.

6. The testimony of any witness deposed on oral examination shall be deemed Confidential Information. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as Confidential.

7. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in Paragraph 2 of this Stipulation may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

8. Nothing in this Stipulation shall require disclosure of information which is protected by the attorney-client privilege, work product immunity or other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney/client

privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of such privilege or immunity. If a producing party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the producing party should promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice of the inadvertent production, it shall make reasonable efforts to gather up information and materials that were distributed to others and shall return copies of such inadvertently produced material within three (3) business days of receiving such notice. The producing party bears the burden of establishing the privileged nature of any inadvertently produced information or materials. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the producing party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing party, and (v) otherwise comport themselves with Rule 4.4(b) of the New York Rules of Professional Conduct.

9.  Any party that desires relief from the provisions of this Stipulation of Confidentiality, such as filing Confidential Information with the Court as part of any pleadings, motions, attachments or exhibits to motions, or desires further protection with respect to confidentiality must first seek to reach agreement with the other party, but if agreement cannot be reached, the party may seek appropriate relief, including an application to file the Confidential

Information under seal, from the Court upon no less than three (3) business days' notice to the other party before making such application. The other party may oppose the application and seek other relief as may be appropriate.

10. Any document or information marked "Confidential" in accordance with the terms of this Stipulation of Confidentiality shall remain confidential and may not be used or otherwise disclosed to any person or entity during or after the close of this action, including deposition transcripts.

11. Nothing in this Stipulation mandates that any document or information is subject to discovery or that any document or information produced during discovery is admissible as evidence in this case, or prevents any party from using such document or information in any motion to the court or at trial.

12. Upon the final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and return to the originating source all originals and unmarked copies of Confidential Information, or, in the alternative, destroying such Confidential Information and confirming to the originating source of this destruction in writing. However, Counsel may retain complete copies of all transcripts, pleadings, and exhibits, regardless of whether they contain Confidential Information, for archival purposes.

13. This Stipulation may be executed in counterparts, and electronic signatures or signatures transmitted by facsimile or by email shall be deemed original signatures.

| | |
|---|---|
| **MICHAEL FAILLACE & ASSOCIATES, P.C.**<br>*Attorney for Plaintiffs*<br><br>By: *[signature]*<br>Joshua Androphy<br>60 E. 42nd Street, Ste. 4510<br>New York, NY 10165<br><br>Dated: New York, New York<br>July 3/, 2018 | **ELLENOFF GROSSMAN & SCHOLE LLP**<br>*Attorneys for Defendants*<br><br>By: *[signature]*<br>Amanda M. Fugazy<br>Stephania C. Sanon<br>1345 Avenue of the Americas, 11th Fl.<br>New York, New York 10105<br><br>Dated: New York, New York<br>July 3/ 2018 |

SO ORDERED THIS
21 DAY OF ~~AUGUST 2018~~    MAY 2 1 2020
       May 2020

*[signature]*
George B. Daniels, U.S.D.J.

{00597045.DOCX.1}      6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NESTOR GONZALEZ NUNEZ, NESTOR
SANCHEZ, DANIEL VENTURA, and JOSE
MANUEL JIMENEZ MENDIOLA, individually and
on behalf of others similarly situated

                     Plaintiffs,

       -against-

R. GROSS DAIRY KOSHER RESTAURANT INC.
(d/b/a Mr. Broadway), YUVAL ZARAI, and MOTI
ZILBER,

                     Defendants.
------------------------------------------------------------X

Case No. 18-CV-00861 (GBD)

**AGREEMENT TO BE BOUND
BY STIPULATION
OF CONFIDENTIALITY**

      I, _____, being duly sworn, state the following:

      1)    I have read and understand the Stipulation of Confidentiality in place in the above-captioned action, and agree to be bound by the terms thereof; and

      2)    I shall not use or disclose to others, except as permitted by the terms of the Stipulation of Confidentiality, any Confidential Information as defined therein.

By: _____

Printed Name: _____

Dated: _____, 2018

                                                      Subscribed to and sworn to me this
                                                      __ day of _____, 201__

                                                      _____
                                                      NOTARY PUBLIC