# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

May 26, 2020

**VIA ECF**

Honorable George B. Daniels  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

      Re:    **Gonzalez Nunez et al v. R. Gross Dairy Kosher Restaurant Inc., et al.**  
              **Case No. 18-cv-0861(GBD)(SLC)**

Your Honor,

      This firm represents the Plaintiffs in this action. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by Plaintiff Francisco Gomez Ramirez and Defendants herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as **Exhibit A.** We note that the Agreement is only between Plaintiff Gomez Ramirez and Defendants, and does not affect the claims of any other Plaintiff.[1]

      Gomez Ramirez has agreed to settle all of his claims in this action. Specifically, Gomez Ramirez and Defendants, aided by counsel, have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice against these Defendants, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the parties that culminated in a settlement. The Agreement reflects a desire by the parties to fully and finally settle and compromise all of Gomez Ramirez's claims against Defendants asserted in this case as outlined more specifically in the attached Agreement.

      Gomez Ramirez and Defendants have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**Background**

      Plaintiff Gomez Ramirez was employed by Defendants as a delivery worker. Plaintiff Gomez Ramirez was employed by Defendants from approximately 2008 until in or about August 2013. Gomez Ramirez did not join this action until September 2018 and therefore his relevant

---

[1] We further note that because Gomez Ramirez did not possess any FLSA claims, but rather only possessed NYLL claims, it is questionable whether the settlement needs Court approval.

*Certified as a minority-owned business in the State of New York*

Hon. George B. Daniels
May 26, 2020

time period began only in September 2012. Gomez Ramirez alleged that he worked approximately 58 hours per week until about January 2013 when he began to work part time for Defendants. During this time period, Plaintiff Gomez Ramirez alleged he was paid $5.65 per hour for only some of his hours.

Plaintiff Gomez Ramirez thereafter brought this action seeking to recover unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and the N.Y. Lab. Law § 190 et seq. Plaintiff also sought statutory damages for violations of the wage notice and wage statement provisions in New York Labor Law § 195.

Defendants dispute Plaintiff Gomez Ramirez's allegations concerning his hours worked and pay received. Defendants in particular dispute Gomez Ramirez's allegation that he worked hours for which he was not paid. Additionally, Defendants provided documentation that they claim would show Gomez Ramirez is not entitled to the full amount of damages he sought. It became clear at Gomez Ramirez's deposition that during the period potentially covered by the NYLL statute of limitations, any violations that occurred were minimal. After weighing the risks of trial and costs of further litigation, the parties have reached an agreement.

**Settlement**

The parties have agreed to settle this action for the total sum of Three Thousand Dollars ($3,000.00) which will be paid as outlined in **Exhibit A**. As stated above, it became clear during the litigation that Gomez Ramirez would be entitled to a minor amount, if anything at all.

$1,746.60 of the settlement amount will be paid to Gomez Ramirez. The remaining $1,252.40 will be applied as attorneys' fees and costs. The amount of attorney's fees and costs is 1/3 of the settlement after Gomez Ramirez's pro rate share of costs are deducted from the total amount.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Hon. George B. Daniels
May 26, 2020

The agreement here is fair to Gomez Ramirez. Gomez Ramirez has been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of trial. Settlement at this stage avoids the risk that Gomez Ramirez would not recover anything. Furthermore, the settlement agreement is the product of arm's-length bargaining between counsel.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Gomez Ramirez's counsel will receive $1,252.40 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation

The amount provided to Gomez Ramirez's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and negotiations.

It is fair and reasonable for Gomez Ramirez's attorneys to receive one-third of the total settlement amount. Gomez Ramirez's attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the settlement that goes to P Gomez Ramirez's attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount. It also would create a disincentive to early settlement, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved. *See Hyun*, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting *McDaniel v. City of* Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)). Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees. This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Gomez Ramirez has agreed to these fees and costs by agreeing to the settlement amount. The attorney's fees are only a small fraction of Plaintiffs' attorneys' total fees to date in the action, which exceed $60,000. As a result, the fees should be approved.

Hon. George B. Daniels
May 26, 2020


**Conclusion**

    Gomez Ramirez has been represented by counsel throughout this lawsuit, and Gomez Ramirez's counsel has agreed to the settlement amount based on the approval of his client. Gomez Ramirez's interests have thus been adequately safeguarded.

    In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. The parties are submitting herewith a stipulation of dismissal, for Gomez Ramirez's claims only.

    Thank you for your consideration in this matter.

                                      Respectfully Submitted,

                                      /s/ Joshua S. Androphy
                                      Joshua S. Androphy, Esq.
                                      Michael Faillace & Associates, P.C.
                                      *Attorneys for Plaintiffs*


cc:    Amanda Fugazy (via ECF)
       Ilan Weiser (via ECF)
       *Attorneys for Defendants*